<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN LAWSON,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>LARRY MCCARGO, *et al.*,<br><br>　　　Defendants. | No. 25cv3065 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Stephen Lawson filed a complaint alleging that Defendants Larry McCargo, Dashawn Lawson, Koron Hill, MJ Ahmad, and others "used [him] for involuntarily servitude activities that included law enforcement training and operations" and denied him due process. D.E. 1 ("Compl." or "Complaint") at 2-3. Plaintiff alleges that this caused him to require counseling. *Id.* at 4.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-2. Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim and allow Plaintiff **45 days** to file a proposed amended complaint.

I.　　**LEGAL STANDARD**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325(1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B))[1]. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

## II. ANALYSIS

### A. The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP application.

### B. Plaintiff Fails to State a Section 1983 Claim

Plaintiff styles his suit as an action under 18 U.S.C. § 242. Compl. However, "18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law, does not provide a private right of action." *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015).

The Court will nevertheless construe Plaintiff's Complaint as attempting to assert a claim under 42 U.S.C. § 1983 against Defendants for violating Plaintiff's rights (1) to due process under the Fifth and Fourteenth Amendments of the United States Constitution and (2) to be free from involuntary servitude under the Thirteenth Amendment of the United States Constitution.

Section 1983 provides a private right of action against every "person" who, under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitutions and laws" of the United States. Therefore, to state a claim under Section 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

"The first step in evaluating a [S]ection 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d

3

210, 222 (3d Cir. 2015) (citation modified). Plaintiff first alleges that he was "denied due process from illegal excessive investigations." Compl. at 3. "Due process is implicated when protected interests . . . are subjected to intrusion by the state." *B.S. v. Somerset Cnty.*, 704 F.3d 250, 271 (3d Cir. 2013). Plaintiff, however, has not stated a due process claim because he has not articulated any specific illegal or unconstitutional activity intruding on any protected interest. *Cf. Balliet v. Whitmire*, 626 F. Supp. 219, 225 (M.D. Pa. 1986), *aff'd*, 800 F.2d 1130 (3d Cir. 1986) ("reject[ing] a civil rights claim based upon the pleaded allegations" where "no illegal or unconstitutional activity [was] articulated"). He has not, for instance, specified what the excessive investigations were, why they were illegal, or the impact of these investigations on any protected interest (such as the right to life, liberty, property, privacy, etc.). As pled in the Complaint, Plaintiff's due process claim must therefore fail.

Plaintiff has similarly failed to allege the deprivation of the constitutional right against involuntary servitude. Plaintiff alleges that Defendants "used [him] for involuntary servitude activities that included law enforcement training and operations." Compl. at 3. The Thirteenth Amendment "prohibit[s] involuntary servitude enforced by the use or threatened use of physical or legal coercion." *United States v. Kozminski*, 487 U.S. 931, 944 (1988). Even making all reasonable inferences in Plaintiff's favor, his Complaint does not "contain sufficient factual matter" to state an involuntary servitude claim because he has not alleged that the "law enforcement training and operations" activities, Compl. at 3, were "enforced by the use or threatened use of physical or legal coercion," *see Kozminski*, 487 U.S. at 944. *See Iqbal*, 556 U.S. at 678.

The Court also finds that Plaintiff's claims fail at the second step of the Section 1983 analysis: that "a plaintiff must demonstrate a defendant's personal involvement in the alleged

wrongs." *Chavarriaga*, 806 F.3d at 222 (citation modified). The Complaint does not explain who any of the Defendants are, much less their involvement in the alleged events. For example, it is not clear if any of these Defendants are law enforcement officers who allegedly subjected Plaintiff to "involuntary servitude activities that included law enforcement training and operations," or what role—if any—Defendants played in subjecting Plaintiff to "excessive illegal investigations." Compl. at 3. This defect is also fatal to the survival of Plaintiff's Section 1983 claims as pled in the Complaint. *See Chavarriaga*, 806 F.3d at 222 ("[A] plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Because Plaintiff does not describe Defendants' personal involvement in the alleged wrongs, Plaintiff's Complaint fails to state a claim.

The Court will grant Plaintiff leave to file a proposed amended complaint within **45 days** to: (1) specify what the "excessive illegal investigations" alleged in his Complaint were, why they were illegal, and the impact of these investigations on Plaintiff; (2) explain what the "law enforcement training and operations" activities to which he was allegedly subjected were and how he was forced to participate in those activities (e.g., by the use or threat of physical force or the use of the legal system); and (3) describe each of the Defendants' personal involvement in the alleged wrongs.

### III.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** the Complaint *without prejudice*. Plaintiff may file a proposed amended complaint within **45 days** of the Order accompanying this Opinion that cures the deficiencies identified herein. An appropriate Order accompanies this Opinion.

Dated: July 15, 2025

_____
Evelyn Padin, U.S.D.J.